ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2007 JAN 19 A 8:21

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| REY DENZO KAZEMI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 306-094 |
| | ) | |
| MICHAEL PUGH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner was sentenced to 84 months' imprisonment on January 22, 2004. The Bureau of Immigration and Customs Enforcement ("ICE") has issued a detainer on Petitioner, which, according to Petitioner, will culminate in deportation proceedings at the conclusion of his prison sentence. After his sentencing hearing, the Bureau of Prisons

("BOP") assigned petitioner to MCF.[1] Petitioner asserts in his § 2241 petition that because of his alienage and his status as a deportable alien, he is neither eligible to serve his sentence in a minimum security prison or in home confinement, nor is he eligible for halfway house detention at the end of his sentence or for drug treatment programs. He argues that his sentence should be reduced because he has been deprived of the opportunity to serve the last ten percent of his sentence in a halfway house.

## II.   DISCUSSION

Petitioner's § 2241 petition does not challenge the fact or duration of his confinement. Instead, notwithstanding his plea for a sentence reduction, Petitioner challenges his ineligibility to serve his sentence at a minimum security institution or in home confinement, as well as his ineligibility for halfway house confinement and participation in drug treatment programs, which relate to the conditions and circumstances of his confinement at MCF. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. ), *revised by*, 596 F.2d 658 (5th Cir. 1979).[2] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from

---

[1] MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the BOP.

[2] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

The Court also notes that Petitioner has not alleged that he has exhausted his administrative remedies in this case. The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*). Perceived futility of exhaustion does not excuse a prisoner from pursuing administrative relief before filing a civil action in federal court with respect to prison conditions. E.g., Higginbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000) (*per curiam*) ("[E]xhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile.").[3] Moreover, "[a] claim that fails

---

[3] While the Eleventh Circuit has not explicitly ruled that the futility exception is inapplicable to habeas petitions, Petitioner in this case has not shown the sort of extraordinary circumstances or patent futility in pursuing administrative relief that would excuse exhaustion even if the futility exception were applicable. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (holding futility exception in habeas cases only applicable in "extraordinary circumstances" where petitioner illustrates patent futility); see also Jaimes v. United States, No. 05-14514, 168 Fed. Appx. 356, 359, 2006 WL 387440, at *2 (11th Cir.

to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (prisoner civil rights case); see also Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (*per curiam*) (affirming denial of claims under § 2241 based on failure to allege exhaustion of administrative remedies). Thus, even if Petitioner had brought the instant claims in a Bivens complaint or if his claims were cognizable under § 2241, he would not be entitled to relief because of his failure to exhaust his administrative remedies through the MCF grievance procedures.[4]

Finally, Petitioner's claims also appear to lack merit on their face. A prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no constitutional liberty interest in early release available pursuant to a specific BOP Program Statement, Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (*per curiam*); no constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999). Furthermore, although a defendant's alienage might

---

Feb. 21, 2006) (*per curiam*) (observing that whether habeas petitioner "may even assert a futility exception to the [exhaustion] requirement is questionable").

[4]Even if Petitioner had exhausted his administrative remedies before filing under Bivens, he still might not be entitled to relief in federal court. See Holly v. Scott, 434 F.3d 287, 289 (4th Cir.) (quoting Bivens, 403 U.S. at 389) (holding that prisoner in private federal facility not entitled to Bivens relief when adequate state remedies available), *cert. denied*, 126 S. Ct. 2333 (U.S. May 30, 2006).

4

form the basis for a downward departure in an extraordinary case, neither an alien's ineligibility for prison programs nor his deportability are in themselves sufficient grounds for downward departure. E.g., United States v. Macedo, 406 F.3d 778, 794-95 (7th Cir. 2005); United States v. Maung, 320 F.3d 1305, 1308 (11th Cir. 2003). However, because Petitioner's claims are not cognizable in a § 2241 petition and because he has not exhausted his administrative remedies, the Court need not reach a definitive conclusion on the merits of the issues raised by Petitioner.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 19th day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE